Filed 8/28/23  Adoption of H.L. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| Adoption of H.L., a Minor. | B328161 |
| EDWIN B.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY L.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCAD00219) |

APPEAL from an order of the Superior Court of Los Angeles County, Rudolph A. Diaz, Judge.  Reversed and remanded with directions.

Child Welfare Law Specialist and Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant T.L.

Suzanne Davidson, under appointment by the Court of Appeal, for Plaintiff and Respondent E.B.

Timothy L. (biological father) appeals the February 1, 2023 order terminating his parental rights as to his son, H.L.[1] Respondent Edwin B. (stepfather) concedes the court's order was in error and requests a remand with directions to the juvenile court to correct the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

H.L. (born in 2008) and his older sister M.L. (born in 2006) are the biological children of mother and biological father, who divorced in 2012. Biological father had not been in contact with either child since 2011 or 2012. Mother had sole legal and physical custody of both children, and she married stepfather shortly after her divorce from father was final.

In February 2021, stepfather filed a petition to adopt H.L. When biological father refused to give consent, the Los Angeles County Department of Children and Family Services (DCFS) advised stepfather to proceed under California Family Code, section 8604.[3] Mother filed a document consenting to the adoption, but biological father objected, and the court appointed different attorneys to represent the children and father, and

---

[1] Biological father has also appealed a similar order as to his daughter, M.L. (See B326768, LASC # 21CCAD00220.) Because the records in the two appeals differ slightly, and because a motion to consolidate the two appeals was denied on May 9, 2023, we issue two separate opinions.

[2] Because stepfather concedes the legal error, we limit our recitation of facts except as is necessary for context.

[3] All further statutory references are to the Family Code.

ordered reports by DCFS and the Los Angeles County Probation Department (Probation). The initial and supplemental reports filed by DCFS and Probation all recommended granting stepfather's petition. Probation's reports included mixed language describing stepfather's petition as a petition "for freedom from parental custody and control, filed under Family Code section 8604, from the birth father, [T.L.] via adoption . . . ."

Over three days between November 2022 and January 2023, the trial court heard testimony and argument on stepfather's petition. Referring to the requirement under section 8604, subdivision (c), that biological father failed to communicate and provide support to the children for more than a year, but also referencing a "petition to terminate parental rights of father", the trial court granted stepfather's petition on January 23, 2023. The court put the matter over for counsel to provide a judgment. Stepfather submitted a proposed judgment, which the trial court signed and filed on February 1, 2023. After some preliminary language, the judgment included three findings, referring to H.L. as the minor: "1. Said minor is under the age of eighteen years, to wit of the age of 14 years; [¶] 2. Said minor is a person defined in Subdivision (b) of Family Code Section 8604 in that the parent has left the child in the care and custody of the other parent for a period of over one year and has willfully failed to communicate with and failed to pay for, the care, support, and education of the child when able to do so; [¶] 3. That an award of custody to the parent would be detrimental to the child and freeing the child from the custody of his parent is in the best interest of the minor."

The judgment also included the following orders: "1) [H.L.] is hereby declared and adjudged to be free from the custody and

3

control of [T.L.], said parent; [¶] 2) The petition is granted pursuant to California Family Code Section 8604; [¶] 3) Awarding custody of the minor child to the parent [T.L.] would not be in the best interest of the child. [¶] 4) The minor child is a proper subject for adoption, and [¶] 5) Continued custody by the mother, [T.B.] and adoption by [E.B.] will serve the best interest of the minor child."

Biological father timely appealed the judgment.

## DISCUSSION

Biological father contends that reversal is required because section 8604 does not give the court authority to terminate his parental rights and declare H.L. free from his custody and control. Stepfather concedes the challenged orders should be reversed, and requests that we remand the matter with directions to correct the judgment nunc pro tunc. We agree that the challenged orders exceeded the court's statutory authority, but it is not apparent that the error was merely clerical. We therefore reverse and remand with directions to enter a new judgment consistent with the court's authority under section 8604.

The parties agree and the record supports the conclusion that this matter was litigated under section 8604, which establishes one of "two distinct ways to proceed to adoption." (*Adoption of I.M.* (2014) 232 Cal.App.4th 40, 48.) The alternative is to seek an order terminating parental rights under section 7822, which requires a showing of intent to abandon. (See *In re H.D.* (2019) 35 Cal.App.5th 42, 50; *Adoption of I.M.*, at pp. 47–48.) "Whatever similarities may exist in the language in the two

4

provisions, the consequences of a finding under section 7822 are vastly different from a finding under section 8604." (*In re Marriage of Dunmore* (2000) 83 Cal.App.4th 1, 5 (*Dunmore*).) "Although the loss of the right to veto the adoption [under section 8604] is significant, it is not the equivalent of a termination of parental rights or a declaration of freedom from parental custody and control." (*Id.* at p. 5.)

"Section 8604 deals with whether the consent of birth parents is needed for adoption. Section 8604, subdivision (b) simply permits an adoption to proceed with the consent of the parent who has sole custody, and without the consent of the noncustodial parent, if the noncustodial parent has willfully failed to communicate with and support the child for over one year. [Citation.] The narrowly drawn provisions of section 8604 operate to facilitate adoptions, especially stepparent adoptions, but the proceeding and order under this section do not terminate the noncustodial parent's rights. (*Ibid.*)" (*Adoption of I.M., supra*, 232 Cal.App.4th 40, 46.) Only later is the non-consenting birth parent relieved of his or her parental rights and obligations. (*Dunmore, supra*, 83 Cal.App.4th at p. 4; see § 8617.)

In contrast, section 7822 "makes abandonment an independent ground for termination of one or both parents' rights when the evidence shows the parent abandoned the child. [Citations.] Unlike section 8604, section 7822 requires a finding of intent to abandon." (*Adoption of I.M., supra*, 232 Cal.App.4th at p. 47; see also *In re H.D., supra*, 35 Cal.App.5th at p. 50 [elements of section 7822]; and *Dunmore, supra*, 83 Cal.App.4th at p. 5.) "Once the requisite finding under section 7822 has been made, the court may enter an order declaring the child free from the parent's custody and control, which terminates all parental

5

rights and responsibilities." (*Adoption of I.M.*, at p. 47.)

While an order terminating parental rights and freeing a child from one parent's custody and control may be available under section 7822, it is not available under section 8604. Because stepfather sought a finding under section 8604, the trial court acted in excess of its authority when it ordered the biological father's parental rights terminated and declared H.L. free from parental custody and control.

Stepfather asks this court to remand with directions to correct the February 1, 2023 judgment nunc pro tunc, but does not provide any authority to support his request for a nunc pro tunc order. "[I]t is not proper to amend an order nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did. An order made nunc pro tunc should correct clerical error by placing on the record what was actually decided by the court but was incorrectly recorded. It may not be used as a vehicle to review an order for legal or judicial error by 'correcting' the order in order to enter a new one." (*Hamilton v. Laine* (1997) 57 Cal.App.4th 885, 891; see also *In re Marriage of Padgett* (2009) 172 Cal.App.4th 830, 851–855 [discussing use of nunc pro tunc orders in marriage dissolution context.) The record before us does not clarify whether the error on appeal was clerical or not, so we decline to direct the trial court to correct its judgment nunc pro tunc.

## DISPOSITION

The judgment is reversed, and the matter is remanded with directions for the lower court to enter a new judgment consistent

with this opinion.  Specifically, the new judgment may not include the following language from the appealed judgment: paragraph 3 of the findings, paragraphs 1 and 3 of the orders, and the following language from paragraph 5:  "Continued custody by the mother [T.B.]"

NOT TO BE PUBLISHED.


MOOR, J.

We concur:


RUBIN, P. J.


KIM, J.